IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| *In re* | ) | Case No. CV. 07-00223 DAE/BMK |
| | ) | |
| HAWAIIAN AIRLINES, INC., a | ) | |
| Hawai'i corporation, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ROBERT C. KONOP, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAWAIIAN AIRLINES, INC., | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

ORDER DENYING APPEAL OF ROBERT C. KONOP OF THE ORDER OF
THE BANKRUPTCY COURT RELATED TO CLAIM NUMBER 72 AND THE
BANKRUPTCY COURT'S REFUSAL OF FURTHER ACTION ON
<u>REQUESTED DECLARATORY AND INJUNCTIVE RELIEF</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Appellant's motion and the

supporting and opposing memoranda, the Court DENIES the Appeal of Robert C.

Konop of the Order of the Bankruptcy Court Related to Claim Number 72 and the

Bankruptcy Court's Refusal of Further Action on Requested Declaratory and

Injunctive Relief.

BACKGROUND

The facts of this case are complex so the Court only briefly summarizes them here.  The instant litigation between Appellant Robert C. Konop ("Konop") and Appellee Hawaiian Airlines ("HAL") arose initially out of HAL employee James Davis's unauthorized access of Konop's secured website.  Konop maintained the website as a means of promoting resistence among HAL pilots for on-going labor talks between the Air Line Pilot's Association and HAL.  On July 12, 1996, Konop filed suit in the Central District of California (the "California case") alleging HAL violated the Wiretap Act ("WTA"), the Stored Communication Act ("SCA"), the Railway Labor Act ("RLA"), and state tort law. See Konop v. Hawaiian Airlines, Inc., 302 F.3d 868, 872-73 (9th Cir. 2002), cert. denied, 537 U.S. 1193 (2003).

The Central District Court granted summary judgment against Konop on all but one claim and, after a bench trial, issued an adverse judgment disposing of Konop's remaining retaliation claim.  Konop appealed the summary judgment order and the verdict.  On August 23, 2002, the Ninth Circuit Court issued a new opinion in the case affirming the Central District Court's summary judgment for HAL on the WTA and retaliation claims, but reversed as to summary judgment on the SCA and RLA claims.

2

On March 21, 2003, HAL filed chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Hawai'i.  On June 2, 2003, Konop filed a proof of claim in HAL's bankruptcy proceeding alleging damages amounting to $40,048,718.25 for violations of the WTA, SCA, RLA as well as legal expenses ("Claim 72").  On August 13, 2004, the bankruptcy Trustee filed a claim objection and Konop filed his opposition.  After a contested hearing on September 13, 2004, the Bankruptcy Court determined that only Konop's SCA claim was viable and that, should Konop prevail on this claim, he would be entitled to minimum statutory damages capped at $36,000 ($1,000 per alleged unlawful access of Konop's secured website) (the "estimation of damages").

On May 18, 2005, the Bankruptcy Court entered its order confirming the Third Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan") filed by Chapter 11 Trustee, the Official Committee of Unsecured Creditors, Hawaiian Holdings, Inc., HHIC, Inc., and RC Aviation LLC, dated as of March 11, 2005 (the "Confirmation Order").  The Joint Plan became effective on June 2, 2005, notice of which was sent to all parties in interest, including Konop.  In addition to reciting the relevant provisions of the Confirmation Order, the notice advised parties that they were enjoined from taking further action on account of their prepetition claims.

3

HAL filed a supplemental objection to the estimation of damages. At a contested hearing on October 17, 2005, the Bankruptcy Court reduced Konop's SCA claim to $1,000 and ordered that the allowed claim offset the $379,340 in sanctions previously imposed on Konop.[1] The Bankruptcy Court sanctioned Konop for his material misrepresentations in filing a misleading disclosure plan for HAL's reorganization. The principal financing sources for Konop's plan were tried and convicted of commercial crimes.

On May 8, 2006, Konop appealed the Bankruptcy Court's estimation of his allowed claim to this Court. This Court affirmed the Bankruptcy Court's estimation order as final but reversed the ruling on HAL's supplemental objection because damages under SCA should be multiplied by the number of violations (the "District Court Opinion"). This Court also gave instructions to the Bankruptcy Court on remand to determine if Konop properly sought declaratory and equitable relief in Claim 72 and, if so, whether the request merits an adversary proceeding. On December 8, 2006, the Bankruptcy Court held a status conference to determine how to implement this Court's opinion, and it was agreed that Konop would file a motion to amend Claim 72 or to clarify its scope.

_____

[1] This amount was subsequently reduced by $125,000 after accounting for a separate settlement between Konop and a Mr. Yoshida.

On January 29, 2007, Konop filed a Motion to Amend and/or Clarify

Claim Number 72 ("Clarification Motion").  The Clarification Motion sought a

determination that Claim 72 contained a claim for declaratory or injunctive relief,

or in the alternative, that Konop be permitted to amend his Claim 72 to include a

request for this relief.  On March 12, 2007, the Bankruptcy Court held a hearing on

the Clarification Motion, where it determined that Claim 72 could not be fairly

read to include a claim for equitable relief, and denied Konop's request to amend.

On April 27, 2007, Konop filed the instant appeal (Doc. # 1), which

HAL opposed on January 17, 2008 (Doc. # 23).  Konop filed a reply on January

30, 2008 (Doc. # 28).

## STANDARD OF REVIEW

A district court reviews a bankruptcy court's decision to allow or deny

a proof of claim for an abuse of discretion.  In re Networks Elec. Corp., 195 B.R.

92, 96 (B.A.P. 9th Cir. 1996) ("the bankruptcy court has sole jurisdiction and

discretion to allow or disallow the claim under federal law.") (citing Pepper v.

Litton, 308 U.S. 295, 304 (1939)).  Additionally, a bankruptcy court's decision to

allow or deny the post-bar date amendment of a proof of claim is reviewed for an

abuse of discretion.  In re Wilson, 96 B.R. 257, 262 (B.A.P. 9th Cir. 1988)

("Whether to allow an amendment to a claim is within the discretion of the

bankruptcy judge").  There are equitable considerations that militate against

granting an amendment.  In re Black & Geddes, Inc., 58 B.R. 547, 553 (S.D.N.Y.

1983) (in determining whether it would be equitable to allow a post-bar date

amendment to a proof of claim, particularly significant are considerations of

whether other claimants might be prejudiced by the amendment, and whether there

is some justification for movant's failure to file a proper claim within the

limitations period).

       The abuse of discretion standard also applies where a party has

requested equitable relief.  The Ninth Circuit has held that the "issuance of

equitable relief is addressed to the sound discretion of the bankruptcy court, and

the scope of review is accordingly limited to a determination of whether there was

an abuse thereof."  In re Whitehead, 583 F.2d 1104, 1107 (9th Cir. 1979) (citations

omitted); Time Oil Co. v. Wolverton, 491 F.2d 361 (9th Cir. 1974) (citing Berman

v. Narragansett Racing Association, 48 F.R.D, 333, 336 (D.R.I. 1969) and Delno v.

Market St. Rv. Co., 124 F.2d 965, 967 (9th Cir. 1942) rev'd on other grounds, 310

U.S. 311, 60 S. Ct. 957, 84 L. Ed. 1222 (1940)); see also In re Myrvang, 232 F.3d

1116, 1121 (9th Cir. 2000) (holding that a bankruptcy court's equitable

conclusions are reviewed for an abuse of discretion); In re Terex Corp., 984 F.2d

6

170, 172 (6th Cir. 1993) (holding that a bankruptcy court's exercise of its equitable powers are reviewed for an abuse of discretion).

DISCUSSION

Konop asserts three primary arguments: (1) the Bankruptcy Court abused its discretion and acted arbitrarily when it required an amendment of Konop's bankruptcy claim in order for him to pursue the requested declaratory and injunctive relief, then, refused to allow that amendment and denied further action; (2) the Bankruptcy Court abused its discretion, acted arbitrarily, and committed an error of fact and law when the court concluded that injunctive relief would be futile; (3) the Bankruptcy Court acted with bias and prejudice with respect to Konop and his underlying litigation.

HAL responds that (1) the Bankruptcy Court properly exercised its discretion in determining that Claim 72 did not contain a claim for equitable relief; (2) the Bankruptcy Court properly exercised its discretion in declining to allow Konop to amend Claim 72 because the request to amend was untimely and amendment would have been futile; (3) Konop had sufficient notice of the issues relating to his request to amend Claim 72; (4) the Bankruptcy Court did not act with bias against Konop; and (5) Konop is not entitled to seek remand.

As set forth below, this Court agrees with HAL on all points.

## I. Claim for Equitable Relief

Konop contends that the Bankruptcy Court abused its discretion in determining that Claim 72 did not contain a claim for equitable relief. Although unclear, Konop apparently bases this claim on the fact that he included a claim for equitable relief in the California case. Konop, however, fails to cite any authority that holds HAL's awareness of his prior lawsuit is a sufficient basis for asserting a proof of claim. Nor does Konop set forth any evidence that the Bankruptcy Court did not consider this issue when rendering its decision. "The general rule is that a claim arises where the creditor evidences an intent to assert a claim against the debtor. Mere knowledge of the existence of the claim by the debtor, trustee, or bankruptcy court is insufficient." Wilkens v. Simon Brothers, Inc., 731 F.2d 462, 465 (7th Cir. 1984).

This Court previously determined that whether Konop met this standard with respect to his claims for declaratory and injunctive relief was, at best, ambiguous. "It is not at all clear from this statement whether Konop continued to seek injunctive or declaratory relief against HAL in the bankruptcy proceeding and, if he did, the substance and basis for this relief." (District Court Opinion at 233.) The Bankruptcy Court properly considered both the contents of the claim

8

and Konop's arguments during the bankruptcy case in finding that Claim 72 did

not contain a request for equitable relief.  "I've reviewed the claim and reviewed

what's gone on previously, and it's clear to me that there wasn't a request for

equitable relief made by way of the proof of claim. . . .  There was a lengthy

summary attached to the proof of claim which barely mentioned equitable relief at

all.  So, I don't think that it's – it's fair to construe the proof of claim as including a

claim for equitable relief."  (Ex. 13, Transcript of March 12, 2007 Hearing

("March Transcript") at 4:24 – 5:15, attached to Konop's motion.)

          An abuse of discretion occurs when no reasonable person could take

the view adopted by the court.  Hotaling v. Chubb Sovereign Life Ins. Co., 241

F.3d 572, 578 (7th Cir. 2001).  Konop has provided no evidence that the

Bankruptcy Court relied on erroneous findings of fact, improperly applied the law,

or used an erroneous legal standard in making its decision.  Instead, Konop makes

vague and unsupported assertions that HAL continues to engage in what he refers

to in his motion as "*Unfair Labor Practices*" (emphasis in original) to bolster his

contention that injunctive relief is warranted.  In addition, Konop failed to pursue

an adversary proceeding in the bankruptcy case by which he could have asserted

the very equitable relief he seeks now.  See In re Ramirez, 188 B.R. 413, 416

(B.A.P. 9th Cir. 1995) (Klein, J., concurring) ("The rules of procedure do not

9

permit a bankruptcy court to grant an injunction except in an adversary proceeding."); see also In re Computer Learning Centers, Inc., 344 B.R. 79, 92 n. 17 (Bankr. E.D. Va. 2006) ("[I]njunctive relief is not available in connection with a proof of claim.  A proceeding to obtain an injunction is an adversary proceeding. If injunctive relief is sought, it must be sought in a separate adversary proceeding and not as part of the claims allowance process.") (citing Bankruptcy Rule 7001).[2]

Based on the foregoing discussion, the Bankruptcy Court properly exercised its discretion in determining that Claim 72 did not contain a request for equitable relief.

II.  Amendment of Claim 72

Konop next asserts that the Bankruptcy Court abused its discretion by declining to allow him to amend Claim 72 because such amendment would be futile.  This was done, according to Konop, without prior notice to him and "done without warning as to the range of issues which the bankruptcy court intended to take under consideration at that hearing."  (Konop's Motion at 18.)  Furthermore, Konop avers that the Bankruptcy Court was already aware that a claim amendment

---

[2] Konop has known about the requirements of Bankruptcy Rule 7001 since 2003.  On November 17, 2003, the Bankruptcy Court entered an order in which it stated that "injunctive relief is only available through an adversary proceeding." (Ex. 12, Order Denying Motion for Preliminary Injunction, attached to HAL's motion.)

could not be allowed, in accordance with the court's previous confirmation injunction in the bankruptcy case.  HAL makes two arguments in response.

A.  <u>Timeliness</u>

HAL first asserts that Konop's request to amend Claim 72 was untimely.  This Court agrees.  When evaluating whether to allow an amendment to a proof of claim, courts have generally considered the timeliness of the amendment in making a determination.  Two milestones of particular significance are the bar date and the confirmation of the plan of reorganization.  <u>Holstein v. Brill</u>, 987 F.2d 1268, 1270 (7th Cir. 1993).  Here, Konop filed his Clarification Motion on January 29, 2007, which was three years after the bar date and nearly two years after the entry of the Confirmation Order.

In addition, as previously stated, Konop knew as early as November 17, 2003, that he could not seek injunctive relief through Claim 72.  Konop does not provide this Court with any information explaining the approximately four-year delay from the filing of Claim 72 and nearly two-year delay from the filing of the Confirmation Order to the filing of his Clarification Motion from which this appeal arises.

Moreover, Konop mistakenly asserts that the Bankruptcy Court permitted him to amend his claim and then later denied the motion.  This Court's

11

careful review of the record indicates that the Bankruptcy Court merely implemented a process for determining whether Claim 72 <u>could</u> be amended.  The Bankruptcy Court's subsequent determination that amendment of the claim would be futile was supported by law and the facts as set forth in more detail below.

It is also clear to this Court from its review of the record that Konop, who was present at the December 8, 2006 status conference, had opportunity to but did not object to the Bankruptcy Court's proposed process of determining whether amendment was feasible.  At that conference, Konop stated that he did not "have any real problem" with the process proposed by the Bankruptcy Court.  On the other hand, Konop here claims that he "noted his disagreement with the bankruptcy court's erroneous procedure."  (Konop's motion at 25.)

For these reasons, this Court finds that the Bankruptcy Court properly exercised its discretion in determining that Konop's request to amend Claim 72 was untimely.

B.  <u>Futility of Amendment</u>

HAL next argues that the Bankruptcy Court properly determined that amendment of Claim 72 would be futile.  This Court again agrees.  The issuance of equitable relief is subject to the sound discretion of the court.  <u>In re Whitehead</u>, 583 F.2d 1104, 1107 (9th Cir. 1979).  Konop's attempted amendment of Claim 72 here

12

would include claims for both declaratory and injunctive relief for alleged violations of law that occurred over twelve years ago.

The Ninth Circuit has held that a declaratory judgment may be refused where it [1] would serve no useful purpose . . . or [2] would not finally determine the rights of the parties . . . or [3] is being sought merely to determine issues which are involved in a case already pending and can be properly disposed of therein." McGraw-Edison Co. v. Preformed Line Products Co., 362 F.2d 339, 342-43 (9th Cir. 1966) (internal quotation and citation omitted).  Konop seeks declaratory relief that is (1) based on dismissed litigation in a separate federal district (and for which final judgment has been rendered), and (2) related to a collective bargaining agreement that is no longer in effect.  Furthermore, Konop did not show, nor even allege, that HAL has continued to access his website.  Declaratory relief is inappropriate where there are no continuing adverse effects.  See City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983) (injury or threat of injury must be "real and immediate," not "conjectural or hypothetical.") (citations omitted).  Allowing Konop to re-litigate his claims that were dismissed in the California case would serve no useful purpose and the Bankruptcy Court was well within the bounds of its discretion in so deciding.

13

Injunctive relief, like declaratory relief, must serve a useful purpose. See, e.g., Rhode Island v. Narrangasett Indian Tribe, 19 F.3d 685, 693 (1st Cir. 1994) ("Rather than asking, negatively, whether denying relief would impose hardship, courts will do well to ask, in a more positive vein, whether granting relief would serve a useful purpose, or, put another way, whether the sought-after declaration would be of practical assistance in setting the underlying controversy to rest.") Here, the only injunctive relief available to Konop based on the nature of his claim would be a ruling that HAL must comply with applicable laws such as the RLA. Such a ruling serves no useful purpose as HAL is already obligated to comply with the law. The Bankruptcy Court recognized this point when it stated that "injunctive relief at this point would – and declaratory relief at this point would simply be to require Hawaiian Airlines to comply with the law, which isn't really an appropriate kind of injunction or declaration." (March Transcript at 5:23-25.) Konop has not provided this Court with any information suggesting that there is an immediate threat of HAL not complying with the RLA, WTA, or other laws. Accordingly, the Bankruptcy Court properly exercised its discretion in determining that amendment of Claim 72 to incorporate a request for declaratory and injunctive relief would be futile.

14

III.  <u>Notice of Issues Related to Amendment</u>

      Konop also avers that the Bankruptcy Court's determination that amendment of Claim 72 would be futile represented an abuse of discretion because he was provided with inadequate notice.  HAL counters that Konop had ample notice that he bore the burden to prove that amendment to Claim 72 was proper.

      The record reflects that the Bankruptcy Court established a clear process for determining whether Claim 72 could be amended.  "So you're suggestion would be to set a date by which Mr. Konop has to file a motion to amend his claim without conceding that he can amend it at all at this point?" (March Transcript at 13:3-11.)  The Bankruptcy Court then inquired of Konop whether such a process seemed fair to him.  (<u>Id.</u> at 14:15-24.)  Konop, as previously discussed, stated that he did not "have any real problem with that, Your Honor."  (<u>Id.</u>)

      Furthermore, during the December 8, 2006 conference, HAL previewed many of its objections to amending Claim 72.  Specifically, HAL's counsel argued that the injunctive and declaratory relief sought by Konop was moot or futile and supplied two case citations in support of this position.  (Ex. 9, Transcript of December 8, 2006 Hearing at 10:2-11, attached to Konop's Motion.) The Bankruptcy Court then gave Konop almost two months to prepare a motion

setting forth all his grounds for amending his claim and to address the issues raised by HAL.

Based on these facts, Konop had sufficient notice that HAL opposed his request to amend Claim 72 and the specific nature of HAL's objections. Konop's argument is meritless.

IV.  Bias against Konop[3]

Konop next contends that the Bankruptcy Court acted with bias against him.  HAL argues, and this Court finds, that the record shows no such bias. In fact, the Bankruptcy Court went to great lengths to provide Konop with an opportunity to pursue his claim.  For example, informing Konop that he likely would have been sanctioned for his violation of the discharge injunction is not an indication of bias, as Konop claims, but, rather, reflects the Bankruptcy Court's

---

[3] As the alleged bias of the Bankruptcy Court was not included among Konop's Statement of Issues on Appeal, HAL filed a Request for Judicial Notice (Doc. # 25) to incorporate facts necessary to respond to Konop's arguments. Konop opposed HAL's request on January 30, 2008 (Doc. # 29).  HAL requests this Court to take judicial notice of a number of documents associated with this long standing litigation including, among others, the May 8, 2008 transcript of the Oral Argument on Bankruptcy Appeal and the March 10, 2005 Transcript of Proceedings Pertaining to Confirmation of the Third Amended Joint Plan of Reorganization.

As set forth below, this Court finds the instant record more than adequate to determine that the Bankruptcy Court did not act with bias against Konop.  As such, HAL's request for judicial notice is denied as moot.

16

effort to advise Konop, in his pro se capacity, of the possible consequences of proceeding without counsel.

In addition, Konop's assertion that the Bankruptcy Court exhibited bias at the March 10, 2007 Confirmation Hearing by calling him before the court with no notice, no warning, and when he was attending merely as an observer is similarly not supported by fact. Konop did not appear at the Confirmation Hearing as a mere observer. Instead, Konop appeared because he had filed an objection to the confirmation of the Trustee's plan of reorganization and disclosure statement that was scheduled to be heard at the hearing. (Ex. 7, Transcript of March 10, 2007 Confirmation Hearing, attached to HAL's Motion.) Moreover, there was evidence presented at the hearing that Konop had made false statements concerning the existence of financing for his proposed alternative plan, which, in turn, led to the imposition of significant sanctions against Konop and criminal convictions of his associates. In sum, there is no indication that the Bankruptcy Court acted with bias against Konop.

V. Request for Remand

Lastly, Konop requests that his lawsuit be remanded back to the California district court for a jury trial. The litigation in the California case was

17

dismissed and Konop did not appeal the dismissal.  As a result, this dismissal is final and there is nothing left for this Court to remand.

## CONCLUSION

For the reasons stated above, the Court DENIES the Appeal of Robert C. Konop of the Order of the Bankruptcy Court Related to Claim Number 72 and the Bankruptcy Court's Refusal of Further Action on Requested Declaratory and Injunctive Relief.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 31, 2008.



_____
David Alan Ezra
United States District Judge

Konop v. Hawaiian Airlines, Inc., Case No. CV. 07-00223 DAE/BMK; ORDER DENYING APPEAL OF ROBERT C. KONOP OF THE ORDER OF THE BANKRUPTCY COURT's RELATED TO CLAIM NUMBER 72 AND THE BANKRUPTCY COURT'S REFUSAL OF FURTHER ACTION ON REQUESTED DECLARATORY AND INJUNCTIVE RELIEF